**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHARLES CLARENCE TIGER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-26-1342-PRW** |
| | ) | |
| **WILLIS PETTIT, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Charles Clarence Tiger, proceeding through counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] United States District Judge Patrick R. Wyrick referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Respondent moves to dismiss the petition as second or successive or alternatively as untimely, and has filed a brief in support together with copies of Petitioner's original and amended criminal judgments in Oklahoma County Case No. CF-2003-69; the May 7, 2025 state district court order denying Petitioner's application for post-conviction relief; and the October 8, 2025 opinion of the Oklahoma Court of Criminal Appeals affirming the state district

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

court's order. Docs. 11-12. For the reasons below, the undersigned recommends the Court grant the motion to dismiss on the alternative ground that it is untimely and dismiss the petition.

## I. Petitioner's conviction and grounds for relief.

> Petitioner was tried by a jury on October 22, 2004 and was sentenced as follows: Count 1, Conspiracy to Commit a Felony To-Wit Burglary in the Second Degree; fifteen (15) years incarceration; Count 2: Burglary in the Second Degree: ten (10) years incarceration; Count 7, Assault and Battery with a Deadly Weapon with Intent to Kill: three hundred fifty (350) years incarceration; Count 8, Burglary in the First Degree, thirty (30) years incarceration; Count 9, Pointing a Firearm at Another: twenty (20) years incarceration; Count 10, Burglary in the First Degree, thirty (30) years incarceration; Count 11, Robbery with a Firearm: thirty (30) years incarceration; Count 12, Pointing a Firearm at Another; three-hundred fifty (350) years incarceration; Count 13, Attempted Burglary in the First Degree, twenty (20) years incarceration; and Count 14, Possession of a Firearm, twenty (20) years incarceration. On October 25, 2004, the Petitioner was sentenced in accordance with the verdict of the jury.

Doc. 12, Ex. 4, at 1-2; *see id.*, Ex. 3, at 1-2; *Tiger v. Sirmons*, No. CIV-07-640-F, 2007 WL 4793370, at *1 (W.D. Okla. Oct. 12, 2007), *report and recommendation adopted sub nom., Tiger v. Simmons*, 2008 WL 234119 (W.D. Okla. Jan. 24, 2008). "On appeal, the Oklahoma Court of Criminal Appeals ('OCCA') reversed in part with instructions to dismiss the convictions for conspiracy to commit a felony and one count of burglary in the first degree." *Tiger*, 2007 WL 4793370, at *1; *see* Doc. 12, Ex. 3, at 3.

On September 9, 2024, the state court conducted a hearing at which Petitioner appeared with counsel and entered an amended judgment and sentence. Doc. 12, Ex. 2. On December 27, 2024, Petitioner filed an application for post-conviction relief in state court. Doc. 1, at 4-5.[2] On May 7, 2025, the trial court denied Petitioner's jurisdictional claim on its merits and denied Petitioner's judicial bias claim as procedurally barred. Doc. 12, Ex. 4. Petitioner appealed, and on October 8, 2025, the OCCA affirmed the district court's order denying post-conviction relief. *Id.* Ex. 5.

On June 9, 2026, Petitioner filed this action, raising two grounds for relief:

> Ground One (Lack of Jurisdiction): Oklahoma lacked sovereign authority to prosecute and sentence Petitioner pursuant to *McGirt v. Oklahoma*, 591 U.S. 894 (2020).
>
> Ground Two (Due Process): Petitioner was denied due process because his case was not heard by an impartial adjudicator.

Doc. 1, at 14-35. Respondent asserts that the petition is "second or successive as well as untimely." Doc. 12, at 1.

---

[2] *See State v. Tiger*, No. CF-2003-69 (docket entry dated Dec. 27, 2024), https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2003-69 (last visited Sep. 25, 2026).

## II. The petition is not second or successive.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 590 U.S. 504, 507 (2020) (citing 28 U.S.C. § 2244(b)); *see also Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar."). "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

But section 2244(b)'s procedural requirements only apply to habeas petitions that are "second or successive," and the Supreme Court "has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application." *Panetti*, 551 U.S. at 944; *see also Magwood v. Patterson*, 561 U.S. 320, 335 n.11 (2010). In *Magwood*, the Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." 561 U.S. at 333. Accordingly, if a section 2254 petition challenges a new, intervening judgment

for the first time, it is not "second or successive" under section 2244(b). *Id.* at 323–24.

In analyzing whether a habeas petitioner has a new judgment for purposes of section 2244(b), the Court considers whether the new judgment corrects a clerical error or makes a "material change to the prisoner's sentence[.]" *Salas v. Horton*, No. 24-2084, 2024 WL 5220732, at *2 (10th Cir. Dec. 26, 2024) (collecting cases); *see Gomez v. Davis*, 514 F. App'x 825, 826-27 (10th Cir. 2013) (trial court's minute order vacating court costs did not qualify as a "new judgment" for purposes of allowing a successive habeas application); *Smith v. Hanson*, No. 24-cv-01845, 2025 WL 2438552, at *6 (D. Colo. Apr. 8, 2025) ("[N]one of Mr. Smith's sentences were vacated, and the underlying judgment of conviction for every count remained the same."); *Hendrix v. Bridges*, No. 23-CV-0322, 2024 WL 4216632, at *8 (N.D. Okla. Sept. 17, 2024) ("[T]here was no . . . substantive change to Hendrix's convictions or sentences."), *cert. appealability denied*, 2025 WL 1066115 (10th Cir. Apr. 9, 2025). "[T]he focus of the Court's analysis is on whether [the instant] petition, rather than individual claims, is second or successive after entry of a new, intervening judgment[,]" and the timeliness of the claims in the petition is a separate issue. *Hahn v. United States*, No. 21-cv-0880, 2024 WL 476365, at *6-

7 (D.N.M. Feb. 7, 2024), *report and recommendation adopted*, 2024 WL 1051397 (D.N.M. Mar. 11, 2024).

Citing *Funkhouser v. Nunn*, No. 20-CV-0337, 2020 WL 6728808 (N.D. Okla. Nov. 16, 2020), Respondent argues that Petitioner's 2024 amended judgment did not provide him with a new opportunity to file a section 2254 petition. Doc. 12, at 6. In *Funkhouser*,

> [t]he OCCA upheld petitioner's murder conviction and his life sentence, reversed his burglary conviction based on the merger doctrine, and remanded with instructions for the state district court to dismiss the burglary conviction. The state district court failed to amend the judgment and sentence to reflect the dismissal of the burglary conviction until nearly 30 years later, on January 22, 2019, when it did so pursuant to an agreed order for nunc pro tunc.

2020 WL 6728808, at *3 (N.D. Okla. Nov. 16, 2020). The court found that the § 2254 petition filed following entry of the amended judgment in 2019 was barred by § 2244(b) where "the OCCA's 1989 remand for dismissal of the reversed burglary conviction was purely ministerial." *Id*. Here by contrast, the OCCA reversed Petitioner's conviction for First Degree Burglary based on "Oklahoma's statutory provision against double punishment[]" and his conviction for Conspiracy to Commit Burglary based on insufficiency of the evidence at trial. Doc. 12, Ex. 3, at 3. And the amended judgment the state district court entered in Petitioner's criminal case was not designated as a *nunc pro tunc* judgment, which carries a specific significance under Oklahoma law.

*Compare* Doc. 12, Ex. 2; *with Cobb v. Tinker Fed. Credit Union*, No. 21-6020, 2022 WL 473007, at *1 n.4 (10th Cir. Feb. 16, 2022) ("In Oklahoma, a nunc pro tunc order is used to correct an 'inadvertent clerical omission' and other 'facial mistakes in recording judicial acts that actually took place.'"); *Funkhouser*, 2020 WL 6728808, at *3 ("Under Oklahoma law, a nunc pro tunc order 'may neither be invoked as a vehicle to review a judgment (or to excise legal errors found in it) nor as a means to enter a different judgment.'" (citation omitted)). And the state court conducted a hearing with Petitioner present in court. *See Magwood*, 561 U.S. at 341-42 (holding that a section 2254 petition filed after a full resentencing hearing and imposition of a new sentence was not second or successive); *Hahn*, 2024 WL 476365, at *7 ("[T]he Second Amended Judgment is a new intervening judgment because it was entered after a full resentencing hearing."); *cf. Smith*, 2025 WL 2438552, at *6 ("[t]he state court did not hold a hearing, review any evidence, or conduct a full resentencing"); *Hendrix*, 2024 WL 4216632, at *8 ("there was no resentencing proceeding"). Accordingly, the 2024 amended judgment was not a clerical or purely ministerial act. *Cf. Salas*, 2024 WL 5220732, at *3 ("Here, the state court made its last material change to Mr. Salas's sentences in its fifth judgment, which reduced the sentence imposed."). So the Court should conclude that Petitioner's amended judgment provided him with a new opportunity to file a habeas petition.

## III. The petition is untimely because Petitioner does not raise any new claims and has not demonstrated any circumstances warranting equitable tolling.

### A. Limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The AEDPA established a one-year limitation period during which an inmate in state custody can file a federal habeas petition challenging a state conviction: "A [one]-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). AEDPA provides four alternative starting dates for the limitation period:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

It also includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § (d)(2). To meet the "properly filed" requirement, an inmate must comply with state procedural requirements. *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (defining a "properly filed" application as "one filed according to the filing requirements for a motion for state post-conviction relief" and giving examples of such requirements).

A petition filed outside the statute of limitations, accounting for statutory tolling, will be considered timely filed only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998))).

**B. The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).**

Petitioner argues that "[t]he limitations period did not begin to run until the amended judgment became final by the conclusion of direct review or expiration of the time to seek direct review." Doc. 1, at 12. Although the 2024

amended judgment prevents this petition from being second or successive, it does not restart the limitations period for claims challenging only Petitioner's "original, *undisturbed* conviction." *Burks v. Raemisch*, 680 F. App'x 686, 691 (10th Cir. 2017) (internal quotation marks and citation omitted); *Prendergast v. Clements*, 699 F.3d 1182, 1186–87 (10th Cir. 2012); *see Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *6 (10th Cir. Jan. 12, 2024) ("And his habeas petition is not based on anything that occurred at the sentence modification phase: rather, it challenges the jurisdiction of the conviction court. This challenge was fully cognizable on direct appeal and could have formed the basis of a federal habeas petition at an earlier date."). Petitioner's reliance on *McGirt*, "does not alter" this conclusion. *See Owens v. Whitten*, No. 22-5106, 2022 WL 17972141, at *1 (10th Cir. Dec. 28, 2022) (collecting cases); *Pickens v. Tinsley*, No. 25-CV-0022, 2025 WL 2987886, at *7 (N.D. Okla. Oct. 23, 2025) ("[R]egardless of when Pickens realized the potential legal significance of the facts he alleges regarding his Indian status, his claim remains untimely."); *cf. Voyles v. Crow*, No. CIV-22-71-F, 2022 WL 954993, at *3 (W.D. Okla. Mar. 14, 2022) ("Indeed, courts in this Circuit have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under § 2244(d)(1)(C) for habeas challenges to state-court jurisdiction." (internal alterations and quotation marks omitted; collecting cases)), *report and*

*recommendation adopted*, 2022 WL 949979 (W.D. Okla. Mar. 29, 2022). Petitioner also alleges that he was aware of facts supporting his claim of judicial bias since at least June 14, 2004. *Compare* Doc. 1, at 32-33; *with Throneberry v. Nunn*, No. CIV-22-145-R, 2023 WL 6632907, at *5 (W.D. Okla. Apr. 6, 2023) (finding a claim of judicial bias timely where "Petitioner contends, and Respondent does not contest, that . . . Petitioner did not learn of the facts giving rise to [the claim] until March 26, 2021, upon the suspension of Judge Henderson."), *report and recommendation adopted sub nom.*, *Throneberry v. Bridges*, 2023 WL 6628876 (W.D. Okla. Oct. 11, 2023). Accordingly, the Court should conclude that Petitioner's claims are untimely.

**C. Availability and effect of equitable tolling on the limitations period.**

Petitioner filed his petition after the expiration of the limitations period. Absent equitable tolling or another applicable exception, the petition is untimely and the Court must dismiss it. Here, "Petitioner asserts equitable tolling and the miscarriage-of-justice exception because the State continues to hold Petitioner under a judgment entered without sovereign authority and by a process infected by structural due-process error." Doc. 1, at 12-13.

"[A habeas] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Even assuming a diligent pursuit of rights, the one-year period of limitation "is subject to equitable tolling . . . only in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (quoting *Davis*, 158 F.3d at 811). Petitioner must "demonstrate[ ] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And it is his burden to prove that equitable tolling applies. *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Petitioner does not demonstrate any circumstances showing he is entitled to equitable tolling. So the Court should conclude he has not carried his burden and decline to apply equitable tolling to the limitations period.

**D. Actual innocence exception.**

Because Petitioner's statute of limitations has expired, Petitioner's only remaining path around the § 2244(d) deadline would be "a 'credible showing of actual innocence.'" *Doe v. Jones,* 762 F.3d 1174, 1182 (10th Cir. 2014) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—*that was not presented at*

*trial*." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). Ultimately, Petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327).

Here, Petitioner does not argue he is actually innocent and his claims do not relate to any new evidence. *See Pacheco v. Habti*, 62 F.4th 1233, 1243-45 (10th Cir. 2023) ("But [the petitioner] does not argue innocence based on new evidence that she did not commit child-abuse murder. Rather, she argues that she did not commit the charged crime because she was accused of committing a crime under Oklahoma law and one element of that crime is that the crime (if, as here, committed by an Indian) did not occur in Indian country."); *Watkins v. Hammers*, No. 14 C 1346, 2015 WL 5675605, at *8 (N.D. Ill. Sep. 24, 2015) ("Watkins' allegations of and purported evidence for judicial bias are wholly unrelated to the evidence presented at trial."). As a result, the Court should conclude that the "actual innocence" exception does not apply.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Respondent's motion to dismiss on the alternative ground that it is untimely and dismiss the petition for habeas corpus relief, Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court **on or before October 12, 2026**, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 28th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE